United States of America
Eastern District of Michigan
Southern Division

United States of America,

                                                Criminal No. 25-cr-20536

v.

                                                Hon. Nancy G. Edmunds

Roman Gomez-Ocadiz,

        Defendant.

_____/

## Government's Sentencing Memorandum

### Introduction

Immigration protestors, including Ramon Gomez-Ocadiz, descended upon a law enforcement operation in Detroit and blocked road access. When the officers tried leaving through a vacant field, Gomez-Ocadiz dangerously drove his vehicle onto that field and forcibly used his car to block their access. The government recommends the Court sentence Gomez-Ocadiz within the applicable sentencing guideline range followed by a one-year term of supervised release or probation.

### Factual and Procedural History

On June 30, 2025, the Homeland Security Task Force (HSTF) Detroit received a report of an illegal alien who ignored an officer's attempted traffic stop. (PSR ¶ 9). The driver of the vehicle was driving erratically and at a high rate of speed, weaving in and out of traffic before arriving at a residence on Alaska Street

1

in Detroit, Michigan and locking himself inside the location. (*Id*.). As a result, agents sought and received a federal search warrant for the location. (*Id*.).

Prior to the execution of the search warrant, protesters gathered and started to flank the officers. (PSR ¶ 10). Some of the protestors attempted to break through the safety zone created by the officers. (*Id*.). One of the protesters, later identified as Roman Gomez-Ocadiz, approached one of the investigators in a silver Nissan truck and began speaking Spanish. (*Id*.). A border patrol agent approached Gomez-Ocadiz and started speaking to him in Spanish and English, ordering him to back up and to not get closer to the scene. Gomez-Ocadiz replied "no" several times and then started speaking faintly to the border patrol agent in English through a raised vehicle window, stating he knew his rights. (*Id*.).

HSTF executed the search warrant at the Alaska location, apprehended the individual and took him into custody. (PSR ¶ 9). Due to the crowd that had gathered, the TFO with the arrestee attempted to depart the scene in a nearby vacant field. (PSR ¶ 11). As the TFO drove away from the scene in the field, Gomez-Ocadiz, drove his vehicle alongside the TFO's vehicle onto the field and cut him off perpendicularly to block the TFO from leaving. (*Id*.). Gomez-Ocadiz obstructed, impeded and/or interfered with the TFO's exit, causing TFO Fifer to slam on his brakes and avoid hitting Gomez-Ocadiz's vehicle or other protesters. (*Id*.). Due to Gomez-Ocadiz actions, the TFO had to put his vehicle in reverse and

2

exit the field with the arrestee using a different route. (*Id*.). An Instagram Reel from "metrodetroitnews" captured video of the incident. Depicted below are screenshots from that video:

 

On July 2, 2025, Gomez-Ocadiz pleaded guilty to Count 1 of the Information which charged him with assaulting, resisting, or impeding certain officers or employees, in violation of 18 U.S.C. §111(a). He did so without a Rule 11 plea agreement. Gomez is scheduled to be sentenced on January 5, 2026.

### Sentencing Guideline Calculations

The Probation Department calculated Roman Gomez-Ocadiz's sentencing guideline range at 0 to 6 months based on a Total Offense Level of 6 and a Criminal History Category I. (PSR ¶ 69). The United States agrees with the

probation department's calculations. The Court may also impose a term of supervised release of not more than one year. (PSR ¶ 73).

## Consideration of 18 U.S.C. § 3553(a) sentencing factors

In imposing a sentence, the Court should consider the sentencing factors when determining what is sufficient, but not greater than necessary to achieve the statutory objectives. *United States v. Vowell*, 516 F. 3d 503 (6th Cir. 2008).

The factors to be considered at sentencing set forth at 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution. These factors support a sentence of imprisonment followed by supervised release.

<u>Nature and Circumstances of the Offense/History and Characteristics of Defendant</u>

The nature of this offense is troubling. Gomez-Ocadiz forcibly interfered and impeded with a law enforcement investigation. By doing so, Gomez Ocadiz hindered law enforcement's ability to ensure those who violated the law are held accountable. And he jeopardized the safety of himself, the law enforcement

officers he interfered with, and the other demonstrators on scene. While Gomez-Ocadiz is undoubtedly free to exercise his First Amendment right to protest law enforcement activity he disagrees with, he crossed the line from protected speech/assembly into actions that endanger others.

Gomez-Ocadiz is a 36-year old citizen of the United States. (PSR ¶ 33). According to the PSR, Gomez-Ocadiz was raised by his mother in California, but he also spent time in Spain. (*Id*.). His mother still resides in California. (PSR ¶ 36). Gomez-Ocadiz has two half-siblings, both of whom reside in Spain. (PSR ¶ 33). He has never been married and has no children. (PSR ¶ 38). Gomez-Ocadiz remained in California until 2024, when he relocated to Michigan. (PSR ¶ 39). At the time of this offense, Gomez-Ocadiz was homeless and was residing with friends. (*Id*.). But he has since moved in with his girlfriend and her roommate in Detroit. (*Id*.).

Gomez-Ocadiz reported consistent, varied employment since 2016. (PSR ¶ 61-66). He is currently employed as a part-time tattoo artist in Detroit. (PSR ¶ 61). He graduated High School in California and attended some college. (PSR ¶ 58-59). Gomez-Ocadiz reported future educational goals of studying nursing, any other medical field or art. (PSR ¶ 60). He is in good physical health. (PSR ¶ 40). According to the PSR, Gomez-Ocadiz suffers from mental health issues, including bipolar disorder and depression. (PSR ¶ 44). Although he was previously

prescribed mental health medication, he does not recall the name of the medications prescribed and is currently not utilizing medication. (*Id*.). Instead, he manages these symptoms by changing his perspective and practicing meditation and prayer. (PSR ¶ 46).

Gomez-Ocadiz has a significant history of substance abuse. He has regularly smoked marijuana since he was 13 years old. (PSR ¶ 49). At 17 years old, he began using mushrooms, last using them in January 2025. (PSR ¶ 50). He started snorting cocaine at 21 years old. (PSR ¶ 51). And he recently began using prescription Adderall, not for a specific medical diagnosis, but "to stay alert while working long shifts. (PSR ¶ 53). Most concerning, Gomez-Ocadiz did not express interest in receiving substance abuse treatment. (PSR ¶ 54). In the United States view, substance abuse treatment should be a component of this Court's sentence.

A sentence which promotes Gomez-Ocadiz's respect for the laws in this country and promotes deterrence is needed. A sentence within the applicable guidelines is needed. In addition, the Court has the option to a sentence the Defendant up to five years of probation (PSR ¶ 74).

> <u>Need for Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense and the Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct</u>.

Because this Court is obligated to impose a sentence necessary to reflect the seriousness of the offense, promote respect for the law and to provide just

6

punishment for the offense, as well as a sentence to afford adequate deterrence to criminal conduct, a guideline sentence is appropriate.

## Conclusion

A sentence within the applicable guideline range, to be followed by a one-year term of supervised release, or probation is sufficient, but not greater than necessary to achieve the goals of sentencing.

    Respectfully submitted,

    Jerome F. Gorgon Jr.
    United States Attorney

    *s/Timothy P. McDonald*
    Timothy P. McDonald
    Assistant United States Attorney
    211 W. Fort St., Suite 2001
    Detroit, Michigan 48226
    (313) 226-0221
    timothy.mcdonald@usdoj.gov

Dated: December 22, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on Monday, December 22, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Brandy Y. Robinson, Esq.

*s/Timothy P. McDonald*
Timothy P. McDonald
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0221
timothy.mcdonald@usdoj.gov
